```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------x
MARILENA M. DESA,

                    Plaintiff,                        MEMORANDUM AND ORDER
                                                      Case No. 19-CV-06076 (FB)
      -against-

COMMISSIONER OF SOCIAL
SECURITY,

                    Defendant.
---------------------------------------------------x
```

Appearances:

*For the Plaintiff*:  
HOWARD D. OLINSKY  
Olinsky Law Group  
250 South Clinton Street, Suite 210  
Syracuse, New York 13202  

*For the Defendant*:  
REBECCA H. ESTELLE  
United States Attorney's Office  
Eastern District of New York  
271 Cadman Plaza East  
Brooklyn, NY 11201  

**BLOCK, Senior District Judge:**

Marilena M. Desa ("Desa") appeals the Commissioner of Social Security's ("Commissioner") final decision denying her application for Supplemental Security Income benefits. Both Desa and the Commissioner move for judgment on the pleadings. For the following reasons, Desa's motion is granted, the Commissioner's motion is denied, and the case is remanded for further proceedings consistent with this Memorandum and Order.

1

I.

Desa applied for Social Security disability benefits, alleging disability as of March 7, 2011, due to temporal lobe epilepsy, depression, anxiety, and fatigue. (R. 65–66.) An administrative law judge ("ALJ") held a hearing at which Desa testified about her symptoms. (R. 37–64.) Following the hearing, the ALJ found Desa not disabled. (R. 24.) The Appeals Council denied review. (R. 1–3.) The ALJ's decision thus became the final decision of the Commissioner.

II.

The Commissioner impermissibly failed to sufficiently credit Desa's self-reported symptoms when finding Desa not disabled. Accordingly, this Court must vacate the Commissioner's decision and remand for further proceedings.

"In reviewing a final decision of the Commissioner, a district court must determine whether the correct legal standards were applied and whether substantial evidence supports the decision." *Butts v. Barnhart*, 388 F.3d 377, 384 (2d Cir. 2004); *see also* 42 U.S.C. § 405(g). "[S]ubstantial evidence . . . means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *see also Selian v. Astrue*, 708 F.3d 409, 417 (2d Cir. 2013).

When a claimant has "medically determinable impairment(s) that could reasonably be expected to produce [the claimant's] symptoms, such as pain, [the

Commissioner] must then evaluate the intensity and persistence of [the claimant's] symptoms." 20 C.F.R. § 404.1529(c)(1); *id.* § 416.929(c)(1). When conducting that evaluation, the Commissioner must "consider all of the evidence from [the claimant's] medical *and nonmedical* sources about how [the claimant's] symptoms affect [the claimant]." *Id.* § 404.1529(c)(1) (emphasis added); *id.* § 416.929(c)(1) (emphasis added). "Because symptoms sometimes suggest a greater severity of impairment than can be shown by objective medical evidence alone," the Commissioner must "carefully consider any other information [the claimant] may submit about [the claimant's] symptoms." *Id.* § 404.1529(c)(3); *id.* § 416.929(c)(3). Importantly, "once a claimant has been found to have a pain-producing impairment, the Commissioner may not reject the claimant's statements about his pain solely because objective medical evidence does not substantiate those statements." *Henningsen v. Comm'r of Social Sec. Admin.*, 111 F. Supp. 3d 250, 268 (E.D.N.Y. June 8, 2015) (quoting *Hilsdorf v. Comm'r of Soc. Sec.*, 724 F. Supp. 2d 330, 349–50 (E.D.N.Y. 2010)). Likewise, the Commissioner may not discredit a claimant's testimony about the severity of a claimant's symptoms merely because the medical record indicates a conservative treatment regimen. *See Burgess v. Astrue*, 537 F.3d 117, 129 (2d Cir. 2008).

The Commissioner erred by improperly discounting Desa's self-reported symptoms due to gaps in Desa's treatment history and what the Commissioner found

3

to be a lack of objective medical support in the record. The Commissioner found that Desa's "medically determinable impairments could reasonably be expected to cause [Desa's] alleged symptoms" but that Desa's "statements concerning the intensity, persistence, and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record." (R. 18.) The ALJ faulted Desa for failing to visit her treating medical providers more frequently, repeatedly noting gaps in the treatment records: that Desa "did not return for another visit [to neurologist Dr. Reza Zarnegar] until April 19, 2013" (R. 18); that "[t]here is no documented treatment, including visits to an emergency department, after April 19, 2013 until [a] July 17, 2014 [visit to neurologist Dr. Igor Cohen]" (R. 19); that after a December 18, 2014 visit to Dr. Cohen, Desa "did not return to Dr. Cohen until May 7, 2015" (R. 19); that "despite [Desa's] subjective report of episodes several times per week, she saw neurologists Patricia Dunn, M.D., and Daniel Luciano, M.D., every few months" (R. 19); and that "an apparent gap in treatment between May 25, 2016 and July 9, 2015 does not substantiate [Desa's] allegations of the frequent episodes of seizures and her indications of the resultant functional limitations" (R. 20).

Nonetheless, Desa's testimony at the hearing was clear. Desa testified that she began having seizures in 2011. (R. 47.) As of the hearing, Desa indicated that she suffered approximately six seizures every week, and had one as recently as two

4

days before the hearing. (R. 47–48.) She described the seizure as feeling an "aura," which causes as "nasty, like nauseous feeling"—"like I'm about to vomit"—which occurs "before I black out" and "lose consciousness." (R. 47–49.) Desa testified that when she regains consciousness, "I end up feeling really sick. Like I would have a really bad headache and, pretty much, I'm very like weak. I become very weak." (R. 48.) The post-blackout headaches, Desa explained, "last a whole day, if I have multiple." (R. 49.) Desa testified that the seizures can even occur when she sleeps: she knows "because of when I wake up. Like in the morning, my whole body is very weak. And I have—like I just—sometimes, I have vomited when I wake up." (R. 49.)

The Commissioner should have credited Desa's testimony. A medical record that demonstrates less than aggressive treatment cannot, without more, justify rejection of a claimant's self-reported symptoms, even if that record does not explicitly corroborate the claimant's testimony. *See Burgess*, 537 F.3d at 129; *Henningsen*, 111 F. Supp. 3d at 268. While the Commissioner's decision cited some medical evidence showing "normal" or "unremarkable" findings (R. 18–21), nothing in the record warrants giving less than full credit to Desa's explanation of the way her seizures impacted her ability to work. This Court must therefore vacate the Commissioner's decision and remand for reconsideration with proper weight to Desa's testimony.

5

## III.

For the foregoing reasons, Desa's motion is granted, the Commissioner's motion is denied, and the case is remanded for further proceedings consistent with this Memorandum and Order.

**SO ORDERED**.

       /S/ Frederic Block
FREDERIC BLOCK
Senior United States District Judge

Brooklyn, New York
July 27, 2021